## In re WOLMAN.

District Court, D. Maine, S. D.   January 11, 1930.

No. 465.

James H. Davidson, of Portland, Me., for bankrupt.

Isaac Mostow, of Boston, Mass., for objecting creditor.

PETERS, District Judge. This matter comes before me on exceptions to the report of the special master to whom was referred objections to the discharge of the bankrupt filed by one of his creditors. Several exceptions have been presented and argued, but they fall into two classes: (1) That the bankrupt should be denied his discharge under the law because under the law (as it then existed) he, with intent to conceal his financial condition, destroyed or failed to keep books of account, etc.; and (2) that he obtained money on credit upon a materially false statement in writing made by him to the objecting creditor, a bank in Waterville.

The special master has reported adversely to the contentions of the objecting creditor and has recommended that a discharge be granted to the bankrupt.

While certain questions of law are attempted to be raised by the objecting creditor, they are really questions of fact, and as there is evidence to support the findings of the master, they may not be disturbed unless clearly wrong. On reviewing the testimony submitted to him, I am of the opinion that he was clearly right.

The objecting creditor falls into error in his attitude toward the effect of a destruction or failure to keep books by the debtor.

The law (Bankruptcy Act, § 14(b), as amended 36 Stat. 839) (and I am referring to the law as it then was) requires the judge to hear the application for discharge and grant it unless the debtor, with intent to conceal his financial condition, has destroyed or failed to keep books of account, etc. Two things are necessary to prove here: (1) Destruction or failure to keep books, and (2) coupled with that an intent to conceal his financial condition. One is as necessary to be proved as the other. This does not mean that sometimes acts or omissions in respect of books may not be sufficient evidence of an active intent; but the intent is an additional element which must be proved as a state of mind. It is not sufficient in all cases to show a destruction or failure to keep books. That fact alone does not necessarily prove an intention one way or the other concerning a financial condition, although in the case of a well-organized business it might well be that the destruction of books under certain circumstances would be very significant and persuasive as to an intent to conceal. As it was said in the case of In re Marcus & Sheer (D. C.) 192 F. 743, 745: "The objectors must go further than to show merely that the bankrupts intended to keep the kind of books they kept; for they must show, also, that they intended those books to conceal from somebody—which must be their creditors—their financial con-

804

dition. That involves not only knowledge of how the books were kept, but some anticipation that at a future time they might be examined by creditors and would then fail to enlighten them upon all the facts."

It follows, therefore, that this matter of the intent of the debtor, being one of the necessary elements to be shown by the objecting creditor, involves a question of fact, because the intention of the debtor is a question of fact; and the master having found that fact against the objecting creditor makes the result binding upon me unless the finding is clearly wrong.

█ It appears here that the debtor was a junk dealer who could not read or write, except that he could write his name; that whatever check stubs, checks, and paid notes he had he was in the habit for many years of destroying. It does not appear that he acted any differently during the insolvent condition preceding his bankruptcy than he did before; so the master was right in concluding that there was nothing in his actions in this respect that could form a basis for any inference that he was preparing for concealment of his financial condition.

The other point relied upon by the objecting creditor, and upon which he bases his exception to the report of the master, is that he obtained credit upon a false statement to a bank.

█ The statute (Bankruptcy Act, § 14(b), as amended 36 Stat. 839) refers to the obtaining of money on credit "upon a materially false statement in writing made by him (the bankrupt) to any person * * * for the purpose of obtaining credit," etc. In this case the master has found (and there is evidence to support it) that the statement consisted of some written notes made by an officer of the bank to which the debtor had applied for a loan. As he answered questions, the officer of the bank jotted down some memoranda, without doubt what he regarded as a correct statement of the answers of the debtor. But the debtor made a verbal statement to the bank. He made no statement in writing. The only writing was made by the officer of the bank, and this clearly does not come within the purview of the statute. But, even if the statement was false, it was an oral statement and cannot be used under the section referred to to prevent the discharge.

The exceptions to the report of the master are overruled. The report is accepted and confirmed, and the debtor should be discharged.